IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELICIA ANDERSON, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 1:11-CV-03398-SCJ |
| v. | : |
| CITY OF ATLANTA, et al., | : |
| Defendants. | : |

## ORDER

This matter appears before the Court on Plaintiff's Motion for Contempt and Sanctions. Doc. No. [17]. For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed her Motion for Contempt and Sanctions on February 17, 2015. Doc. No. [17]. She claims Defendant City of Atlanta failed to implement reforms to the Atlanta Police Department's ("APD") Standard Operating Procedures ("SOP") and failed to train APD officers on these reforms as ordered by the Court on March 22, 2012. See Doc. No. [16].

AO 72A
(Rev.8/82)

Through a consent motion for settlement, the Court ordered Defendant, in relevant part, to 1) permanently "implement the revisions to the Atlanta Police Department Standard Operating Procedures (SOPs) set forth in Exhibit A hereto;" and 2) "conduct mandatory in-person training of all Atlanta police officers every two years regarding these SOP revisions." Id. at p. 1. The permanent SOP revisions required under Exhibit A are:

General Conduct (APD.SOP.2011)

Section 4.4.1 ("Interference with Citizen's Right to Record") shall be amended to read as follows:

1. All employees shall be prohibited from interfering with a citizen's right to record police activity by photographic, video, or audio means. This prohibition is in effect only as long as the recording by the citizen does not physically interfere with the performance of an officer's duties.

2. Employees shall not intentionally delete or destroy the original or sole copy of any photograph, audio, or video recording of police activity created by a member of the public.

3. Employees shall not intentionally delete or destroy the original or sole copy of any photograph, audio, or video recording relating to any use of force described under the "Reporting Requirements" section of APD SOP 3010 ("Use of Force").

> Disciplinary Process (APD.SOP.2020)
>
> Section 4.3.5(3) shall be revised to designate violation of the above-referenced rule regarding "Interference with Citizen's Right to Record" as a Category D (Dismissal) offense.

Id. at p. 3. In Defendant's response, it admitted to not fully complying with the Court's March 2012 Order. Doc. No. [18]. The Court then heard oral argument on Plaintiff's motion for contempt and sanctions on April 30, 2015, and Defendant, again, admitted to not fully complying with the Court's Order.

## II.  DISCUSSION

### A.  Contempt and Sanctions

#### 1. *Finding of Contempt*

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). To prevail on a civil contempt motion, Plaintiff must demonstrate, by clear and convincing evidence, that "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000) (internal quotations omitted). If Plaintiff makes this prima facie showing, the burden of

AO 72A
(Rev.8/82)

production shifts to Defendant to produce evidence explaining its noncompliance. Watkins, 943 F.2d at 1301.

Plaintiff demonstrated, by clear and convincing evidence, that Defendant failed to fully comply with the Court's March 2012 Order (Doc. No. [16]). Specifically, Defendant failed to make each required revision to the SOPs before Plaintiff notified Defendant that it was in violation of the Order. Because Defendant did not make each revision, it also did not comply with the mandatory officer training on the revisions also required under the Order. Defendant did not contend that the Court's March 2012 Order was invalid or unlawful. Defendant did not contend that the Order was unclear, not definite, or ambiguous, and Defendant never argued that it did not have the ability to comply. Instead, in its response and during the contempt hearing, Defendant admitted that it failed to comply with the Order. Defendant did assert, during the contempt hearing, that by the time the hearing occurred it enacted all the required revisions to the SOPs and trained the officers on the revisions through in-person, roll call training. But Defendant conceded that it did not make each required revision before Plaintiff notified Defendant of its non-compliance. Defendant also acquiesced to performing any necessary training to correct its

4

AO 72A
(Rev.8/82)

previous violations of the Court's Order. Thus, the Court finds Defendant in contempt for violating the March 2012 Order (Doc. No. [16]), and it now imposes sanctions to bring Defendant into full compliance and to address future monitoring of Defendant's compliance with the Order.

### 2. *Imposition of Sanctions*

Defendant City of Atlanta is **ORDERED** to:[1]

1) Permanently implement the revisions to the Atlanta Police Department Standard Operating Procedures set forth in Exhibit A to the Court's March 2012 Order (Doc. No. [16]);

2) Conduct mandatory, in-person training of all Atlanta police officers every two years regarding the Standard Operating Procedure revisions set forth in Exhibit A to the Court's March 2012 Order (Doc. No. [16]);

3) Within 45 days of the entry of this Order, the City of Atlanta shall require the Chief of the Atlanta Police Department to issue a Command Memorandum to each sworn employee of the Atlanta Police Department attaching a copy of the March 2012 Order (Doc. No. [16]) and requiring each sworn employee to read the March 2012 Order and sign a statement verifying

---

[1] While Plaintiff requested additional sanctions through its motion and proposed order, the Court will only impose the sanctions listed in this Order.

that he or she has received and read the March 2012 Order. The City of Atlanta shall provide the Court and the Plaintiff with a sworn statement attesting that this has been accomplished within ten days after the 45-day period of compliance has expired. The City of Atlanta shall be fined $10,000 per day after the 45-day period of compliance has expired if the City of Atlanta fails to comply with this paragraph.

4) Within 45 days of the entry of this Order, the City of Atlanta shall provide in-person, roll call training consistent with the industry standard to every police officer of the Atlanta Police Department on every revision to the Atlanta Police Department Standard Operating Procedures required under the March 2012 Order (Doc. No. [16]). The City of Atlanta shall require the Atlanta Police Department to video solely this portion of the Atlanta Police Department's in-person, roll call training. The City of Atlanta shall provide Plaintiff's counsel with a copy of each video complying with this paragraph within ten days of the in-person, roll call training. The City of Atlanta shall provide the Court and the Plaintiff with a sworn statement attesting that this has been accomplished within ten days after the 45-day period of compliance has expired. The City of Atlanta

AO 72A
(Rev.8/82)

shall be fined $10,000 per day after the 45-day period of compliance has expired if the City of Atlanta fails to comply with this paragraph.

5) The City of Atlanta shall, within five days, report to the Court and Plaintiff any revision it makes to (a) the Standard Operating Procedures that are the subject of the Court's March 2012 Order (Doc. No. [16]) and (b) any Standard Operating Procedure of the Atlanta Police Department concerning the subjects of the Court's March 2012 Order (Doc. No. [16]).

## B. <u>Attorneys' Fees and Expenses</u>

Plaintiff's counsel seek attorneys' fees under 42 U.S.C. § 1988. That statute provides, in relevant part, that in a 42 U.S.C. § 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (2012). The starting point for awarding fees is to determine the lodestar. <u>A.C.L.U. v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999). The lodestar "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>Id.</u> (internal quotations omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). With regards to a reasonable number of hours, fee applicants must exercise "billing judgment." Id. at 1301. This means that a reasonable number of hours "cannot include 'those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.'" Frazier v. Wurth Indus. of N. Am., LLC, No. 1:08-cv-01634-JOF, 2009 WL 3277635, at *2 (N.D. Ga. Oct. 7, 2009) (quoting Norman, 836 F.2d at 1301).

After the lodestar is determined, the Court must next consider an adjustment for results obtained. Norman, 836 F.2d at 1302. The Eleventh Circuit stated,

> [i]f the result was excellent, then the court should compensate for all hours reasonably expended . . . If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive . . . In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion . . . A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.

Id.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. The applicant

8

must supply the Court with sufficient evidence to determine the reasonable hourly rate. Id. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Id. at p. 1299. "Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Id. at 1303. "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." Id.

"There is nothing inherently unreasonable about a client having multiple attorneys." Id. at 1302. But the Court may reduce the hours claimed "if the attorneys are unreasonably doing the same work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." Barnes, 168 F.3d at 432 (quoting Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983)).

When an applicant claims fees for an unreasonable number of hours or where there is a lack of documentation or support for the fee request, "the court

9

may make an award on its own experience." Norman, 836 F.2d at 1303.[2] The Court need not order further pleadings or hold an evidentiary hearing because "[i]t is perfectly proper to award attorney's fees based solely on affidavits in the record." Id. In the end, the Court must bear in mind that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Each of Plaintiff's counsel submitted an affidavit and declaration seeking attorneys' fees for these contempt proceedings. Doc. Nos. [25-4]–[25-7]. Gerald Weber seeks compensation for 47 hours at a rate of $520 per hour for a total of $24,400. Doc. No. [25-4]. Daniel Grossman seeks compensation for 48 hours at a rate of $520 per hour for a total of $24,960. Doc. No. [25-5]. Albert Wan seeks compensation for 35.78 hours at a rate of $300 per hour for a total of $10,734. Doc. No. [25-6]. Mr. Wan also seeks $116.50 in expenses. Id. Clayton Adams seeks compensation for 4 hours at a rate of $230 per hour for a total of $920. Doc. No.

---

[2] The Eleventh Circuit in Norman noted that, for centuries, the Court has been recognized as an expert on attorneys' fees. Id. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

[25-7]. All told, Plaintiff's counsel seek a total of $61,130.50 for 134.78 hours, including some expenses.

At the outset, the Court finds that each attorney's hourly rate is reasonable considering their skills, experience, and reputation. The Court appreciates the very detailed affidavits and summaries provided by each attorney outlining their experience, the amount of hours billed, and the type of work conducted during these proceedings. The Court also appreciates each attorney's willingness to discount some hours on their own in their exercise of billing judgment. But the Court finds that, even though some were not claimed, 134.78 hours is an unreasonable amount under the facts and circumstances of this case.

In the Court's March 2012 Order which forms the basis for these contempt proceedings, the Court ordered Defendant to pay $50,000 to Plaintiff, "inclusive of prevailing party attorney fees and costs." Doc. No. [16], p. 1. Plaintiff's counsel now request over $11,000 more in attorneys' fees alone to ensure compliance with the Court's Order. While the Court understands the complexity of First Amendment claims, in these proceedings Plaintiff sought only to enforce full compliance with an Order Plaintiff already secured from the Court. Although Defendant should not have forced Plaintiff to bring her motion in the first place, the result of a finding of contempt and sanctions to force compliance with the

11

initial Order is limited compared to the scope of this litigation as a whole. Moreover, it appears that there was unnecessary overlap between the attorneys for the work required to secure success for Plaintiff's motion. It also appears that even though Defendant clearly violated the Court's initial Order, Defendant began attempting to comply with the Order shortly after Plaintiff's counsel notified Defendant of its violations. Plaintiff's primary achievement in the contempt proceedings, then, was to secure an additional Order that mandates compliance with the March 2012 Order and ensures compliance, now and in the future, through stiff sanctions should Defendant again fail to implement the mandatory SOP revisions and training. Given the Court's discretion, it finds that a reduction in attorneys' fees and costs is reasonable and appropriate.

The Court finds that the reasonable and necessary billable hours for Gerald Weber are twenty hours. Multiplying Mr. Weber's hourly rate of $520 per hour by twenty hours equals a total amount of $10,400.00.

The Court finds that the reasonable and necessary billable hours for Daniel Grossman are twenty hours. Multiplying Mr. Grossman's hourly rate of $520 per hour by twenty hours equals a total amount of $10,400.00.

The Court finds that the reasonable and necessary billable hours for Albert Wan are fifteen hours. Multiplying Mr. Wan's hourly rate of $300 per hour by

fifteen hours equals a total amount of $4,500.00. Mr. Wan shall also receive $103.50 for copying expenses. See 28 U.S.C. § 1920(4) (2012). All other expense requests are denied.

The Court finds that the reasonable and necessary billable hours for Clayton Adams are two hours. Multiplying Mr. Adams' hourly rate of $230 per hour by two hours equals a total amount of $460.00.

## CONCLUSION

Plaintiff's Motion for Contempt and Sanctions (Doc. No. [17]) is **GRANTED**. Defendant is **ORDERED** to comply with the Court's March 2012 Order (Doc. No. [16]) and the sanctions imposed under this Order.

Defendant is further **ORDERED** to pay Plaintiff's counsel attorneys' fees and costs in the following amounts within fifteen days of entry of this Order:

Gerald Weber: $10,400.00

Daniel Grossman: $10,400.00

Albert Wan: $4,603.50

Clayton Adams: $460.00

**IT IS SO ORDERED**, this 12th day of May, 2015.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE